Filed 9/8/25  P. v. Merritt CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082569 |
| v. | (Super.Ct.No. SWF2300403) |
| TRAVIS STERLING MERRITT, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Walter H. Kubelun, Judge.  Affirmed with directions.

Steven S. Lubliner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury convicted defendant and appellant Travis Sterling Merritt of four counts of contempt for violating a protective order issued in July 2021 (July 2021 protective order). (Pen. Code, § 166, subd. (c)(1).)[1] The trial court sentenced defendant to jail for a term of 364 days and issued a new protective order that will expire in 2033 (§ 136.2, subd. (i)). Defendant contends the trial court erred in issuing the new protective order because (1) defendant was not convicted of a crime involving domestic violence; (2) defendant's children were not victims; (3) defendant's conduct did not involve physical violence or a threat of physical violence; and (4) defendant did not act intentionally or recklessly. As a separate issue, we observe that the new protective order contains a clerical error. We affirm with directions.

## FACTUAL AND PROCEDURAL HISTORY

A.  BACKGROUND

N.B. and defendant share four children, who are two sets of twins. The elder twins were born in 2007. The younger twins were born in 2015. N.B. and defendant ended their dating relationship in 2018. Upon ending their relationship, defendant had visits with the children. The younger children's visits were arranged with defendant's mother serving as the middleman between N.B. and defendant. The older twins arranged their visits directly with defendant and met him outside their apartment complex's leasing office—defendant was not permitted inside N.B.'s apartment complex.

---

[1] All subsequent statutory references will be to the Penal Code unless otherwise indicated.

B.  PRIOR CRIMINAL CASE

On July 6, 2021, in another criminal case (Riverside County case No. SWF1900519), defendant was convicted of first degree residential burglary (§ 459). The trial court issued a criminal domestic violence protective order against defendant, i.e., the July 2021 protective order.  (§§ 136.2, subd. (i)(1), 646.9, subd. (k).)  The order protected N.B. and the four children she shares with defendant (collectively, the victims).  Among other things, the order prohibited defendant from harassing the victims, destroying the victims' real or personal property, disturbing the victims' peace, having contact with the victims, and coming within 100 yards of the victims.  The order was scheduled to expire on July 6, 2031.

C.  CURRENT CASE

In the instant case, the four counts of contempt concern acts by defendant on four separate days:  March 7, 8, 16, and 17, 2023.  The victims reside in a second-floor apartment.  On March 7, 2023, defendant was directly below the victims' balcony, singing love songs.  On March 8, 2023, defendant returned to the same location and sang love songs.  On March 16, 2023, defendant came to the victims' front door and sang love songs.  On all three occasions, the victims ignored defendant.

On March 17, 2023, N.B. reported defendant's violation of the July 2021 protective order to the police.  Upon leaving the police station, N.B. picked up the younger twins from school and went home.  The older twins walked home from high school separately.  J.M., one of the older twins, arrived home approximately 20 minutes before her twin, M.M.

As M.M. approached the apartment complex, she texted N.B., " 'Mom, dad's here.' " N.B. immediately called M.M. because N.B. was concerned that defendant's behavior was becoming more aggressive. M.M. said she was approaching the gate to the apartment complex. N.B. called 911. Defendant approached M.M., but she ignored him and continued walking. Defendant followed M.M. inside the complex's gates.

As M.M. climbed the stairs to the apartment, defendant was behind her. N.B. opened the door and M.M. entered the apartment. Defendant used his hand to stop N.B. from closing the door. The older twins and N.B. tried to close the door while defendant was outside trying to push the door further open. M.M. was trying to close the door because she was concerned for N.B.'s safety, in that she thought defendant would harm N.B. Defendant said, " 'Let me in, (. . . N.B.). I just want to talk to you. Let me in.' " N.B. repeatedly screamed at defendant, " 'Go away. Leave us alone.' "

Police arrived. The struggle over the door ended. The door and doorframe were damaged in the struggle. When police arrived, defendant was holding a sharp piece of wood, approximately one foot long, that splintered off from the damaged door. Defendant tossed the piece of wood aside when directed to do so by the police.

**DISCUSSION**

A.     AN ACT OF DOMESTIC VIOLENCE

Defendant contends the trial court erred in issuing a protective order (§ 136.2, subd. (i)) because he was not convicted of a crime involving domestic violence.[2]

"When a criminal defendant has been convicted of a crime involving domestic violence, as defined in Section 13700 or in Section 6211 of the Family Code, . . . the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime."  (§ 136.2, subd.(i)(1).)  Under the Family Code, " '[d]omestic violence' is abuse perpetrated against . . . [¶]  . . .  [¶]  [a] person with whom the respondent has had a child" and "[a] child of a party."  (Fam. Code, § 6211, subds. (d) & (e).)  "Abuse" is defined as "engag[ing] in any behavior that has been or could be enjoined pursuant to [Family Code] Section 6320."  (Fam. Code, § 6203, subd. (a)(4); see also *People v. Caceres* (2019) 39 Cal.App.5th 917, 921-922.)  Family Code section 6320, subdivision (a), authorizes the court to issue an order prohibiting a person from a variety of activities, including contacting or coming within a certain distance of a specified person.

The July 2021 protective order was issued under section 136.2, subdivision (i)(1), which was the same statutory authority for issuing the protective order at issue in the instant case.  The July 2021 protective order prohibited defendant from contacting

---

[2]  The People contend defendant forfeited this issue by not objecting to the protective order in the trial court.  Defendant asserts the protective order can be reviewed as part of an allegedly unauthorized sentence.  We choose to address the merits of defendant's contention.

the victims and coming within 100 yards of the victims. That is the exact conduct that can be enjoined under Family Code section 6320. Accordingly, the conduct enjoined in the July 2021 protective order was the type that "has been or could be enjoined pursuant to [Family Code] Section 6320." (Fam. Code, § 6203, subd. (a)(4).)

The jury convicted defendant of contempt for violating the July 2021 protective order that prohibited him from contacting the victims and coming within 100 yards of the victims. Defendant does not challenge the sufficiency of the evidence supporting his convictions. When defendant violated the July 2021 protective order, he committed acts of abuse in that his conduct "ha[d] been or could be enjoined pursuant to [Family Code] Section 6320." (Fam. Code, § 6203, subd. (a)(4).) Those acts of abuse were committed against defendant's children and the mother of his children, which means the abuse qualifies as domestic violence. (Fam. Code, § 6211, subds. (d) & (e).) Accordingly, defendant was convicted of a crime involving domestic violence.

### B.    CHILDREN AS VICTIMS OF DOMESTIC VIOLENCE

Defendant contends the four children were not victims of his domestic violence so they should not be included as additional protected persons in the protective order. Defendant asserts the children were not "targeted, harmed or threatened during the incident."

Section 136.2 provides, "When a criminal defendant has been convicted of a crime involving domestic violence . . . the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the

crime." (§ 136.2, subd. (i)(1).)  A victim is a person against whom a crime has been committed.  (§ 136, subd. (3).)

The July 2021 protective order listed N.B. and the four children as protected persons.  All four children were home when defendant tried to forcibly enter the apartment in violation of the July 2021 protective order.  By violating the July 2021 protective order when the children were present, defendant committed a crime against the children.  Therefore, the children were victims.

C.     PHYSICAL HARM OR THREATS

Defendant contends his actions of singing and attempting to forcibly enter the victims' apartment do not constitute domestic violence because the victims were not physically harmed or threatened with physical harm.  Defendant's narrow concept of abuse is not supported by the law.  In defining abuse, the Legislature specified:  "Abuse is not limited to the actual infliction of physical injury or assault."  (Fam. Code, § 6203, subd. (b).)  Abuse includes acts such as disturbing the peace, which is conduct that "destroys the mental or emotional calm of the other party."  (Fam. Code, § 6320, subd. (c); *People v. Sorden* (2021) 65 Cal.App.5th 582, 601.)  Accordingly, we are not persuaded that abuse requires physical harm or a threat of physical harm.  (*Philips v. Campbell* (2016) 2 Cal.App.5th 844, 852 ["there is no [Domestic Violence Prevention Act] requirement of a physical threat"].)

D.     INTENT

Defendant contends that "a finding of abuse requires intentional or reckless conduct."  Family Code section 6203 includes four different types of harm within the

7

definition of abuse.  As discussed *ante*, the type of harm relevant in this case is "engag[ing] in any behavior that has been or could be enjoined pursuant to [Family Code] Section 6320."  (Fam. Code, § 6203, subd. (a)(4).)  Defendant's argument appears to rely on a different type of harm, which is "intentionally or recklessly caus[ing] or attempt[ing] to cause bodily injury."  (Fam. Code, § 6203, subd. (a)(1).)  Because that type of harm is not relevant in this case, defendant's argument is not persuasive.

### F.    CLERICAL ERROR

#### 1.    *PROCEDURAL HISTORY*

During sentencing in the instant case, the trial court said that N.B. and the four children would be protected under the protective order.  The court then said to defendant, "You must stay a hundred yards away from them, their home, school, work, car, no matter what it is, there is no contact."

On the protective order, N.B. is named as the "Protected person."  In section 3 of the order, the four children are named as "Additional protected persons."  The "Stay-away order" section requires defendant to "stay at least 100 yards away from the protected person and their . . . ."  The court checked the boxes next to "home," "job or workplace," and "vehicle," but did not check the box next to "other protected person in item 3."

#### 2.    *ANALYSIS*

In reading the protective order, we observed the trial court made a clerical error because it did not check the box ordering defendant to stay at least 100 yards away from

8

the four children.  (Box 13(d) of Judicial Council Form CR-160 (2023 version).)  When there is a conflict in sentencing between an oral pronouncement and a written order, the oral pronouncement controls.  (*People v. Avila* (2013) 212 Cal.App.4th 819, 828.)  We will direct the trial court to correct the protective order to reflect defendant must also stay at least 100 yards away from the children.

## DISPOSITION

The trial court is directed to correct the protective order to reflect that defendant must also stay at least 100 yards away from the additional protected persons.  (Box 14(d) of Judicial Council Form CR-160 (2025 version).)  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
Acting P. J.

We concur:

CODRINGTON
J.

RAPHAEL
J.

9